SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:26-cr-264-AGM-CHB
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1546(a)
18 U.S.C. § 371
8 U.S.C. §1324a(a)(1)(A)
8 U.S.C. § 1325(c)

VAGNER SOARES DE ALMEIDA
JULIANA COLUCCI
LUCAS FELIPE TRINIDADE SILVA
NATHALIA DE COSTA FERREIRA
RONALDO DE CAMPOS
ERICK BRUNO GONCALVES DE ASSIS PINTO
RONAY CASTILLO SALAZAR
KELEN CRISTINA DA SILVA
REBECCA ALDAMA GARCIA
MIJAIL CABRERA NUNEZ
ISSAC ANTONIO NARVAEZ
NATHALIA GOMES CIRIACO
LORRAINE SOARES OLIVEIRA

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
## (Conspiracy to Commit Wire Fraud)

### A. Introduction

At all times relevant to this Indictment:

1. Legacy Imigra Solutions LLC, also operating under the name Legacy Group, (hereinafter "Legacy"), was a corporate entity registered in Florida with its principal address and mailing address in Orlando, in the Middle District of Florida.

2. VAGNER SOARES DE ALMEIDA owned and operated Legacy.

3. JULIANA COLUCCI was an employee of Legacy.

4. LUCAS FELIPE TRINIDADE SILVA was the general manager of the sales division of Legacy.

5. NATHALIA DE COSTA FERREIRA was VAGNER SOARES DE ALMEIDA's personal assistant and administrative assistant.

6. NATHALIA GOMES CIRIACO was the top salesperson of Legacy.

7. RONALDO DE CAMPOS was the general manager of the sales division of Legacy.

8. ERICK BRUNO GONCALVES DE ASSIS PINTO was the manager of an off-site location of Legacy in the Middle District of Florida.

9. KELEN CRISTINA DA SILVA was the asylum processor of Legacy.

**B. <u>The Conspiracy</u>**

10. From on or about August 18, 2023, through on or about April 20, 2026, in the Middle District of Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

willfully and knowingly did combine conspire, confederate, and agree together and with each other to commit wire fraud, in violation of 18 U.S.C. § 1343.

**C. <u>Manner and Means of the Conspiracy</u>**

11. The manner and means by which the defendants sought to accomplish

the conspiracy included, among others, the following:

a. It was part of the conspiracy that Legacy falsely purported to be a professional establishment employed by immigration experts and attorneys who could assist individuals with immigration-related legal work, including filing official United States immigration forms and paperwork to obtain immigration benefits in the United States.

b. It was further part of the conspiracy that Legacy would target Brazilian nationals by soliciting prospective clients through social media, online websites, and online messaging services with advertisements written in Portuguese and Spanish.

c. It was further part of the conspiracy to give false, inaccurate, and incomplete legal and immigration advice to prospective clients to induce them to retain the services of Legacy.

d. It was further part of the conspiracy that Legacy would falsify immigration documents to fraudulently obtain immigration status and benefits for their clients.

e. It was further part of the conspiracy that Legacy would intercept and receive all correspondence from immigration authorities to their clients by creating and controlling email accounts under their clients' names and providing mailing addresses for their clients that were associated with Legacy and Legacy employees.

f. It was further part of the conspiracy that Legacy would withhold

immigration documents and benefits from their clients until their clients paid additional fees.

g. It was further part of the conspiracy that their clients' payments would be deposited into bank accounts owned and maintained by VAGNER SOARES DE ALMEIDA.

In violation of 18 U.S.C. § 1349.

**COUNTS TWO AND THREE**
**(Wire Fraud)**

**A. Introduction**

1. The paragraphs in Section A of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

**B. Scheme and Artifice**

2. From on or about August 18, 2023, through on or about April 20, 2026, in the Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

did knowingly and intentionally devise and participate in a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises about material facts.

## C. Manner and Means of the Scheme and Artifice

3. The manner and means by which the defendants sought to accomplish the scheme and artifice, included, among others, the paragraphs in Section C of Count One of this Indictment, said paragraphs are hereby realleged and incorporated by reference as though fully set forth herein.

## D. Execution of the Scheme and Artifice

4. On or about the dates set forth below in Counts Two and Three, in the Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

for the purpose of executing the aforementioned scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| COUNT TWO | December 30, 2024 | $1,000 Zelle payment from A.S. to VAGNER SOARES DE ALMEIDA |
| COUNT THREE | January 21, 2025 | $374.58 Zelle payment from L.C.D.A.G. to VAGNER SOARES DE ALMEIDA |

In violation of 18 U.S.C. § 1343.

**COUNT FOUR**
**(Conspiracy to Defraud the United States, Commit Asylum Fraud)**

On or about July 3, 2024, in the Middle District of Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

did knowingly combine conspire, confederate, and agree together and with each other to commit asylum fraud by knowingly preparing and filing a Form I-589 on behalf of an individual, A.B.D.S., which the defendants knew contained false statements.

In violation of 18 U.S.C. §§ 371 and 1546(a).

**COUNT FIVE**
**(Conspiracy to Defraud the United States, Commit Visa Fraud)**

On or about March 3, 2025, in the Middle District of Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

did knowingly combine conspire, confederate, and agree together and with each other to commit asylum fraud by knowingly preparing and filing a Form I-914 on behalf of an individual, A.B.D.S., which Legacy knew contained false statements.

In violation of 18 U.S.C. §§ 371 and 1546(a).

**COUNT SIX**
**(Conspiracy to Defraud the United States, Commit Immigration Document Fraud: H-1B)**

On or about June 27, 2025, in the Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

did knowingly combine conspire, confederate, and agree together and with each other to commit asylum fraud by knowingly preparing and filing a Form I-129, Petition for a Nonimmigrant Worker, on behalf of an individual, ERICK BRUNO GONCALVES DE ASSIS PINTO, which the defendants knew contained false statements.

In violation of 18 U.S.C. §§ 371 and 1546(a).

**COUNT SEVEN**
**(Conspiracy to Defraud the United States, Commit Immigration Document Fraud: EB-3)**

On or about October 17, 2024, in the Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA,
NATHALIA DE COSTA FERREIRA,
NATHALIA GOMES CIRIACO,
RONALDO DE CAMPOS,
ERICK BRUNO GONCALVES DE ASSIS PINTO, and
KELEN CRISTINA DA SILVA,

did knowingly combine conspire, confederate, and agree together and with each other to commit asylum fraud by knowingly preparing and filing a Form ETA-9089, Final Determination – Permanent Employment Certification Approval, on behalf of an individual, L.G.C.D.A.G., which the defendants knew contained false statements.

In violation of 18 U.S.C. §§ 371 and 1546(a).

**COUNT EIGHT**
**(Conspiracy to Commit Pattern or Practice of Unlawful Employment of Aliens)**

From on or about August 18, 2023, through on or about April 20, 2026, in the Middle District of Middle District of Florida and elsewhere, the defendants,

VAGNER SOARES DE ALMEIDA,
JULIANA COLUCCI,
LUCAS FELIPE TRINIDADE SILVA, and
RONALDO DE CAMPOS,

together with others known and unknown to the Grand Jury, did knowingly engage

in a regular, repeated, and intentional pattern and practice of hiring and continuing to employ, for employment in the United States, aliens, knowing that the said individuals were unauthorized with respect to such employment.

In violation of 18 U.S.C. §§ 371, 8 U.S.C. §§1324a(a)(1)(A) and 1324a(f)(1).

**COUNT NINE**

On or about May 14, 2025, in the Middle District of Florida and elsewhere, the defendants,

ISSAC ANTONIO NARVAEZ,
JULIANA COLUCCI, and
RONAY CASTILLO SALAZAR,

did knowingly combine conspire, confederate, and agree together and with each other to commit marriage fraud by knowingly entering into a marriage for the purpose of evading a provision of the immigration laws of the United States, that is, they married to obtain status for JULIANA COLUCCI to become a permanent resident alien when she was not eligible for said status.

In violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325(c).

**COUNT TEN**

On or about December 19, 2025, in the Middle District of Florida and elsewhere, the defendants,

ISSAC ANTONIO NARVAEZ,
VAGNER SOARES DE ALMEIDA, and
REBECCA ALDAMA GARCIA,

did knowingly combine conspire, confederate, and agree together and with each other to commit marriage fraud by knowingly entering into a marriage for the

purpose of evading a provision of the immigration laws of the United States, that is, they married to obtain status for VAGNER SOARES DE ALMEIDA to become a permanent resident alien when she was not eligible for said status.

In violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325(c).

**COUNT ELEVEN**
**(Marriage Fraud)**

On or about July 1, 2025, in the Middle District of Florida, the defendants,

ISSAC ANTONIO NARVAEZ,
MIJAIL CABRERA NUNEZ, and
LORRAINE SOARES OLIVEIRA,

did knowingly combine conspire, confederate, and agree together and with each other to commit marriage fraud by knowingly entering into a marriage for the purpose of evading a provision of the immigration laws of the United States, that is, they married to obtain status for LORRAINE SOARES OLIVEIRA to become a permanent resident alien when she was not eligible for said status.

In violation of 18 U.S.C. § 371 and 8 U.S.C. § 1325(c).

**FORFEITURE**

1. The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(6).

2. Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, and/or a violation of 18 U.S.C. § 1343, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3. Upon conviction of a conspiracy of the violations of 8 U.S.C. § 1324a and/or 18 U.S.C. § 1546(a), in violation of 18 U.S.C. § 371, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

a. Any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense;

b. Any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offense; and

c. Any property, real or personal, used to intended to be used to facilitate the commission of the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C § 982(b)(1).

[redacted]
Foreperson

GREGORY W. KEHOE
United States Attorney

By: Hannah Watson FOR BSB
Bianca S. Bansal
Special Assistant United States Attorney

By: Hannah Watson
Hannah N. Watson
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
October 26

UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

VAGNER SOARES DE ALMEIDA, ET.AL.

INDICTMENT

Violations: 18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1546(a)
18 U.S.C. § 371
8 U.S.C. §1324a(a)(1)(A)
8 U.S.C. § 1325(c)

[redacted]

Foreperson

Filed in open court this 21st day of October, 2026.

Clerk

Bail $______________________

GPO 863 525